# In re M-D-, Respondent

*Decided April 12, 2007*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1) When a case is remanded to an Immigration Judge for completion of the appropriate background checks, the Immigration Judge is required to enter a final order granting or denying the requested relief.

(2) Although an Immigration Judge may not reconsider the prior decision of the Board of Immigration Appeals when a case is remanded for background checks, the Immigration Judge reacquires jurisdiction over the proceedings and may consider additional evidence regarding new or previously considered relief if it meets the requirements for reopening of the proceedings.

FOR RESPONDENT: Love Macione, Esquire, Oakland, California

FOR THE DEPARTMENT OF HOMELAND SECURITY: Harold L. Pickering, Assistant Chief Counsel

BEFORE: Board Panel: OSUNA, Acting Chairman; HOLMES and GRANT, Board Members.

OSUNA, Acting Chairman:

This case was last before us on April 28, 2005, when we sustained the respondent's appeal in part, determined that she was entitled to withholding of removal, and remanded the record for the appropriate background checks and entry of an order in accordance with 8 C.F.R. § 1003.47(h) (2005). On September 1, 2005, the Immigration Judge issued an order stating that the background checks had been completed. The respondent timely appealed, arguing that the Immigration Judge erred in refusing to consider new evidence that she was eligible for adjustment of status. In addition, the respondent filed a motion to remand. The appeal will be sustained, the motion will be denied as moot, and the record will be remanded for further proceedings.

## I. FACTUAL AND PROCEDURAL HISTORY

The respondent is a native and citizen of Guinea who entered the United States as a nonimmigrant in November 1997 and remained longer than permitted. In a decision dated October 17, 2003, the Immigration Judge

denied her applications for relief based on her claim of persecution but granted her request for voluntary departure. The record reflects that the respondent married a United States citizen on February 28, 2005, while her appeal was pending before us.

When the record was before the Immigration Judge pursuant to our decision to remand for background checks, the respondent requested that he consider her application for adjustment of status. The Immigration Judge declined to entertain the application because he found that jurisdiction continued to rest with the Board, which had issued a final decision. Consequently, when the Department of Homeland Security ("DHS") notified the Immigration Judge that the background checks had been completed and that no new information had been revealed, the Immigration Judge issued an order stating that the security checks were completed and clear. The respondent then appealed and, in addition, filed a motion to remand based on her application for adjustment of status.

On appeal, the respondent contends that because our remand pursuant to 8 C.F.R. § 1003.47(h) was not specifically limited and we did not clearly retain jurisdiction, the Immigration Judge had jurisdiction to consider her application for adjustment of status under *Matter of Patel*, 16 I&N Dec. 600 (BIA 1978). The DHS contends that the remand was specifically limited to completion of the background checks and consideration of the effect of the background checks on the recommended relief, so the Immigration Judge did not have jurisdiction to consider the adjustment of status application. The DHS also contends that the appeal should be dismissed because it is interlocutory in nature since a final order has not yet been entered.

## II. ANALYSIS

### A. Interlocutory Appeal

To avoid piecemeal review of the myriad questions that may arise in the course of proceedings before us, we do not ordinarily entertain interlocutory appeals. *See Matter of Ruiz-Campuzano*, 17 I&N Dec. 108 (BIA 1979); *Matter of Ku*, 15 I&N Dec. 712 (BIA 1976); *Matter of Sacco*, 15 I&N Dec. 109 (BIA 1974). On occasion, however, we have ruled on the merits of interlocutory appeals where we deem it necessary to address important jurisdictional questions regarding the administration of the immigration laws, or to correct recurring problems in the handling of cases by Immigration Judges. *See, e.g.*, *Matter of Guevara*, 20 I&N Dec. 238 (BIA 1990, 1991), and cases cited therein; *Matter of Dobere*, 20 I&N Dec. 188 (BIA 1990). Because there are recurring questions regarding jurisdiction when a proceeding is remanded for background checks, we conclude that it is appropriate for us to rule on this interlocutory appeal in order to provide guidance to the Immigration Judges and the parties.

### B. Final Order Following a Remand for Background Checks

In *Matter of Alcantara-Perez*, 23 I&N Dec. 882, 883 (BIA 2006), which was published after the Immigration Judge issued his September 1, 2005, order, we gave the following explanation regarding background checks:

> Effective April 1, 2005, interim rules were issued requiring background and security investigations when the granting of any form of immigration relief in immigration proceedings would permit the alien to reside in the United States. Background and Security Investigations in Proceedings Before Immigration Judges and the Board of Immigration Appeals, 70 Fed. Reg. 4743, 4743 n.1 (Jan. 31, 2005) (to be codified at 8 C.F.R. §§ 1003.47(a), (b)). Accordingly, if the appropriate background checks have not been conducted in a case pending before the Board, we are not "able to issue a final decision granting any application for relief that is subject to the provisions of § 1003.47, because the record is not yet complete." 70 Fed. Reg. at 4748 (Supplementary Information); *see also id.* at 4752-53 (to be codified at 8 C.F.R. § 1003.1(d)(6)).

In the instant case, we disagreed with the Immigration Judge with respect to his denial of withholding of removal. We found that the respondent was eligible for withholding and that such relief was merited. However, because the background check regulations applied and it was unclear whether the appropriate checks had been completed, we were prohibited from issuing a decision specifically granting withholding to the respondent. *See* 8 C.F.R. § 1003.1(d)(6) (2005); *see also Matter of Alcantara-Perez, supra*. We therefore remanded the record to the Immigration Judge in accordance with 8 C.F.R. §§ 1003.1(d)(6)(ii)(A) and 1003.47(h) so that the DHS could conduct the appropriate background checks. Once the background checks were completed, the Immigration Judge was required to issue a final order granting or denying the requested relief.[1] *Matter of Alcantara-Perez, supra*, at 884-85; 8 C.F.R. § 1003.47(h). Because the Immigration Judge failed to enter such an order, a remand is again necessary.

---

[1] When referenced in connection with the background check regulations, the term "relief" includes any form of relief that permits an alien to reside in the United States, including withholding of removal and protection under the Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, adopted and opened for signature Dec. 10, 1984, G.A. Res. 39/46, 39 U.N. GAOR Supp. No. 51, at 197, U.N. Doc. A/RES/39/708 (1984) (entered into force June 26, 1987; for the United States Apr. 18, 1988) ("Convention Against Torture"). *See* 8 C.F.R. § 1003.47(b)(7); Background and Security Investigations in Proceedings Before Immigration Judges and the Board of Immigration Appeals, 70 Fed. Reg. 4743, 4743 n.1 (Jan. 31, 2005) (Supplementary Information). However, a grant of voluntary departure is specifically excepted from the application of the background check regulations. *See* 8 C.F.R. § 1003.47(j).

### C. Scope of an Immigration Judge's Jurisdiction
### During a Background Check Remand

The related issue in this case concerns the scope of the Immigration Judge's jurisdiction once we have remanded a matter under the background check regulations. The Immigration Judge determined, and the DHS agrees, that he lacked jurisdiction to consider the respondent's application for adjustment of status because the sole purpose for our remand was to allow the DHS to notify the Immigration Judge of the status of the respondent's background checks. The respondent counters that the Immigration Judge had reacquired jurisdiction as a result of the remand and therefore could have considered her adjustment application.

We observe that nothing in the background check regulations indicates that we retain jurisdiction when we remand pursuant to those regulations. Moreover, neither the background check regulations nor the supplemental information accompanying the regulations states that a background check remand is limited solely to consideration of the recommended relief. We note in this regard that we have historically treated a remand as effective for consideration of all matters unless it is specifically limited to a stated purpose. *See Matter of Patel, supra.*[2]

The Immigration Judge in this case expressed understandable concerns regarding his jurisdiction. We now clarify that when a case is remanded to an Immigration Judge for the appropriate background checks pursuant to 8 C.F.R. § 1003.47(h), the Immigration Judge reacquires jurisdiction over the proceedings. Although the Immigration Judge may not reconsider the decision of the Board, if the background checks reveal new evidence potentially affecting relief, the Immigration Judge must consider such evidence before entering an order. *See Matter of Alcantara-Perez, supra.* Furthermore, since no final order exists and a remand has traditionally been treated as effective for all purposes, the Immigration Judge has authority to consider additional evidence if it is material, was not previously available, and could not have been discovered or presented at the former hearing. *See generally Matter of Coelho*, 20 I&N Dec. 464 (BIA 1992); 8 C.F.R.

---

[2] Although not binding in the United States Court of Appeals for the Ninth Circuit, which has jurisdiction over this case, a Third Circuit decision has stated that a remand for consideration of a claim to protection under the Convention Against Torture did not limit the Immigration Judge's jurisdiction to consideration of that relief alone, because an Immigration Judge's jurisdiction is only narrowed when the Board expressly retains jurisdiction and qualifies or limits the remand to a specific purpose. *Johnson v. Ashcroft*, 286 F.3d 696, 701-03 (3d Cir. 2002).

§ 1003.23(b)(3) (2006).[3] In other words, the Immigration Judge has authority to consider new evidence if it would support a motion to reopen the proceedings. Thus, if the proffered evidence meets these requirements, the Immigration Judge may consider it, whether "reopening" an issue previously decided or considering additional forms of relief, and may conduct further proceedings addressing the evidence as it relates to the relief requested before entering a new decision in that regard.

In this case, we are required to remand the record for the Immigration Judge to enter a final order pursuant to 8 C.F.R. § 1003.47(h). We will therefore deny the respondent's motion to remand as moot and express no opinion as to whether the evidence she submitted meets the standards outlined above. On remand, the Immigration Judge should consider the respondent's evidence and enter a new decision consistent with this opinion.

**ORDER:** The respondent's interlocutory appeal is sustained.

**FURTHER ORDER:** The motion to remand is denied as moot. The record is remanded to the Immigration Judge for further proceedings consistent with the foregoing opinion and for the entry of a new decision.

---

[3] Since a final order has not yet been entered, neither the time and number limitations of a motion to reopen nor the requirement to show changed country conditions if an asylum or withholding application is involved would apply. *See* 8 C.F.R. §§ 1003.23(b)(1), (4).