NOT FOR PUBLICATION



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LUIS ALBERTO CHUQUILLANQI-VASQUEZ,<br><br>    Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>    Respondent. | No. 08-74287<br><br>Agency No. A070-643-637<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 3, 2010
San Francisco, California

Before: NOONAN and PAEZ, Circuit Judges, and DUFFY, District Judge.[**]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Kevin Thomas Duffy, United States District Judge for the Southern District of New York, sitting by designation.

Petitioner, Luis Alberto Chuquillanqui-Vasquez, a native and citizen of Peru, petitions for review of a final removal order issued by the Board of Immigration Appeals ("BIA"). Petitioner contends that the BIA's decision denying his asylum application is not supported by substantial evidence. He also argues that the Immigration Judge ("IJ") abused her discretion by failing to consider his proffered new evidence on remand, and the BIA erred by failing to consider this evidence on appeal. Because we conclude that the Immigration Judge erred as a matter of law when she ruled that the BIA's remand order barred her from considering the new evidence, we therefore GRANT the petition in part and remand so the IJ may reconsider Petitioner's new evidence. Accordingly, we do not address the merits of Petitioner's asylum and other claims. In the event Petitioner does not prevail on remand, he can ultimately raise these claims in a new petition.

## Background

On October 31, 2002, after an evidentiary hearing, the IJ found Petitioner removable but granted his application for asylum. On August 30, 2004, the BIA vacated the IJ's decision and ordered Petitioner removed to Peru. Petitioner appealed the BIA's decision to this court. However, on June 16, 2005, while Petitioner's judicial appeal was pending, the BIA sua sponte vacated its August 30, 2004 decision in accordance with this court's decision in Molina-Camacho v.

2

Ashcroft, 393 F.3d 937 (9th Cir. 2004),[1] to the extent that it entered a removal order pertaining to Petitioner, and remanded to the IJ "for further proceedings and for entry of a new decision consistent with Molina-Camacho and the prior decision of the [BIA]." On remand, Petitioner attempted to offer new and previously unavailable documents in support of his claim that he had a well-founded fear of future persecution in Peru. Although commenting that she found Petitioner's brief meritorious, the IJ declined to consider the proffered new evidence, stating that she was bound by the BIA's instruction to simply enter judgment in accordance with Molina-Camacho and the BIA's earlier decision, noting that it is for the BIA and this court to review her decision. Consequently, the IJ ordered Petitioner removed to Peru.

Petitioner appealed the IJ's decision to the BIA, arguing, among other things, that the IJ had erred as a matter of law by refusing to consider his proffered new evidence and claimed that her failure constituted a due process violation. With respect to this argument, the BIA's September 11, 2008 ruling construed Petitioner's claim as a motion to remand the proceeding for further consideration

---

[1] This court held in Molina-Camacho, that the BIA had no authority under the Immigration and Nationality Act ("INA") to issue orders of removal. Rather, the BIA was required to remand the case to the IJ to issue the final removal order based on the BIA's determination of removability. 393 F.3d at 941. This court overruled its narrow construction of the BIA's authority under the INA in Lolong v. Gonzales, 484 F.3d 1173, 1178 (9th Cir. 2007) (en banc).

3

of the new evidence. The BIA denied the motion finding that Petitioner had not met his "heavy burden" of establishing that the proffered evidence would likely change the result of the case. Consequently, the BIA dismissed Petitioner's appeal and ordered him removed to Peru. This timely petition for review followed.

## Discussion

Whether the IJ had discretion to consider Petitioner's motion is a question of law, which is reviewed de novo. Lim v. INS, 224 F.3d 929, 933 (9th Cir. 2000).

In Fernandes v. Holder, 619 F.3d 1069, 1074 (9th Cir. 2010), we recently held that for the BIA to limit the IJ's jurisdiction on remand, the BIA must: 1. expressly retain jurisdiction; and 2. limit the scope of remand to a specific purpose.

Here, in its remand order to the IJ, the BIA did not expressly retain jurisdiction nor did the BIA expressly limit the scope of remand. Moreover, the BIA remanded for further proceedings consistent with their decision. Accordingly, the IJ had jurisdiction and should have decided the motion to consider additional evidence. Thus, the IJ's finding that the BIA's decision precluded her from considering any additional evidence constituted legal error.

We also do not find that the IJ's legal error was harmless. The BIA upheld the IJ's determination that she lacked jurisdiction, but treated Petitioner's argument as a motion to remand. In denying Petitioner's motion, the BIA cited Matter of Coelho, 20 I&N Dec. 464 (BIA 1992), for the proposition that a petitioner moving

4

to remand has a "'heavy burden' of establishing that the proffered evidence would likely change the result of the case."  In contrast, the standard for deciding whether an IJ may consider new evidence is whether the evidence is "material, was not previously available, and could not have been discovered or presented at the former hearing."  In re M-D-, 24 I&N Dec. 138, 141 (BIA 2007).  Since the standard for deciding whether an IJ may consider new evidence appears to be more generous than the test for a motion to remand, the IJ's legal error in finding that she was precluded from considering Petitioner's additional evidence is not harmless.  Petition GRANTED in part and REMANDED.