**Leonel PENA–SANCHEZ, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

**No. 06–72049.**

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 10, 2011.*

Berc Agopoglu, Esquire, Law Offices of Berc & Associates, Los Angeles, CA, for Petitioner.

AZP–District Director, Office of the District Director, U.S. Department of Homeland Security, Phoenix, AZ, Aliza Bessie Alyeshmerni, Richard M. Evans, Esquire, Assistant Director, U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

*See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Filed Jan. 25, 2011.

Deniz S. Arik, Esquire, The Law Office of Deniz S. Arik, Phoenix, AZ, Christopher John Stender, Esquire, Stender & Associates, P.C., San Diego, CA, John Martin Pope, Pope & Associates, PC, Phoenix, AZ, for Petitioner.

Carol Federighi, Esquire, Senior Litigation Counsel, Daniel Eric Goldman, Esquire, Senior Litigation Counsel, DOJ–U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: BEEZER, TALLMAN, and CALLAHAN, Circuit Judges.

## MEMORANDUM **

Leonel Pena–Sanchez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an Immigration Judge's ("IJ") removal order. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir.2008), and we dismiss in part, deny in part, and grant in part the petition for review.

We lack jurisdiction to review the BIA's discretionary determination that Pena–Sanchez failed to show exceptional and extremely unusual hardship. *See Martinez–Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir.2005). We are not persuaded that Pena–Sanchez's removal results in the deprivation of his children's rights. *See Urbano de Malaluan v. INS*, 577 F.2d 589, 594 (9th Cir.1978).

We reject Pena–Sanchez's contention the BIA engaged in impermissible fact-finding. *See* 8 C.F.R. § 1003.1(d)(3)(ii) (BIA may review questions of law, discretion, and judgement de novo).

The agency declined to entertain Pena–Sanchez's motion to reopen to consider additional evidence in support of his cancellation of removal application without the benefit of our decision in *Fernandes v. Holder*, 619 F.3d 1069, 1074 (9th Cir.2010) ("[T]he IJ's jurisdiction on remand from the BIA is limited only when the BIA expressly retains jurisdiction and qualifies or limits the scope of the remand to a specific purpose."). *See also Matter of M–D–*, 24 I. & N. Dec. 138, 141–42 (BIA 2007) (IJ has authority to consider additional evidence on remand "if it is material, was not previously available, and could not have been discovered or presented at the former hearing."). We therefore remand for proceedings consistent with this disposition.

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part; and GRANTED in part; REMANDED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.