Wang v. Holder

BIA
Hom, IJ
A098 354 192

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 30th day of March, two thousand eleven.

PRESENT:
> DENNIS JACOBS,
> > *Chief Judge,*
> JOSEPH M. McLAUGHLIN,
> ROBERT D. SACK,
> > *Circuit Judges.*

_____

MU WENG WANG,
> *Petitioner,*

v.

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

10-459-ag
NAC

_____

| | |
|---|---|
| FOR PETITIONER: | Peter D. Lobel, Joshua E. Bardavid, New York, New York. |
| FOR RESPONDENT: | Tony West, Assistant Attorney General; Mark C. Walters, Senior Litigation Counsel; Aaron R. Petty, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington D.C. |

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Mu Weng Wang, a native and citizen of the People's Republic of China, seeks review of a January 6, 2010, decision of the BIA affirming the February 14, 2008, decision of Immigration Judge ("IJ") Sandy K. Hom denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mu Weng Wang*, No. A098 354 192 (B.I.A. Jan. 6, 2010), *aff'g* No. A098 354 192 (Immig. Ct. N.Y. City Feb. 14, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

The agency did not err in applying our decision in *Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296 (2d Cir.

2007) to deny Wang's applications for relief.  Initially, the BIA had found Wang eligible for relief, and remanded for background and security checks under *In re M-D-,* 24 I. & N. Dec. 138 (BIA 2007).  On remand, the IJ considered this Court's intervening decision in *Shi Liang Lin* as new material evidence, and denied relief on that basis.  The BIA dismissed Wang's subsequent appeal.

Wang raises several challenges to the agency's consideration of *Shi Liang Lin* as new evidence.  However, regardless of whether our decision constituted new evidence, upon remand from the BIA, the IJ reacquired jurisdiction to consider all matters because the BIA did not expressly retain jurisdiction and did not qualify or limit the scope of remand for a specific purpose.  *See In re M-D-*, 24 I. & N. Dec. at 141-42 (holding that the IJ had authority to consider an applicant's adjustment of status application when a case was remanded for purposes of conducting background checks); *In re Patel*, 16 I. & N. Dec. 600, 601 (BIA 1978) (holding that "when the Board remands a case to an immigration judge for further proceedings, it divests itself of jurisdiction of that case unless jurisdiction is expressly retained" and that, "unless the Board qualifies or

3

limits the remand for a specific purpose, the remand is effective for the stated purpose and for consideration of any and all matters which the Service officer deems appropriate in the exercise of his administrative discretion or which are brought to his attention in compliance with the appropriate regulations").  Moreover, even if the IJ could not consider *Shi Liang Lin* on remand, Wang does not present any arguments challenging the BIA's alternative holding that it would exercise its *sua sponte* authority to reopen Wang's case in light of *Shi Liang Lin*.  *See* 8 C.F.R. § 1003.2(a); *In re G-D-*, 22 I. & N. Dec. 1132 (BIA 1999).

Further, the agency did not err in concluding that our instructions in *Shi Liang Lin* did not preclude the application of that decision to Wang's case.  Although our decision in *Shi Liang Lin* is not a basis to reopen proceedings when relief has already been granted, *Shi Liang Lin*, 494 F.3d at 314, the BIA's initial finding that Wang was eligible for asylum was not itself a grant of relief, *see* 8 C.F.R. § 1003.1(d)(6) (stating that the BIA "shall not issue a decision affirming or granting to an alien an immigration status, relief or protection from removal, or other immigration benefit" if background and security checks need to be completed or made current); *see also In re M-D-*,

4

24 I. & N. Dec. at 141-42. Thus, the agency did not err in concluding that *Shi Liang Lin* applied to Wang's case on remand. *Cf. NLRB v. Coca-Cola Bottling Co. of Buffalo, Inc.*, 55 F.3d 74, 77 (2d Cir. 1995) (recognizing that an intervening change in the controlling law authorizes departure from a prior ruling in the same litigation). Given that Wang does not present any arguments about whether *Shi Liang Lin* was applied correctly or whether he was otherwise entitled to any of his requested relief, we do not reach those issues.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5