Lin v. Holder

BIA
Vomacka, IJ
A087 464 816

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28ᵗʰ day of October, two thousand thirteen.

PRESENT:
        JOSÉ A. CABRANES,
        RICHARD C. WESLEY,
        DEBRA ANN LIVINGSTON,
        *Circuit Judges.*

_____

XIA YAN LIN, MENGZHU HUANG,
    *Petitioners,*

      v.                         12-3201
                                    NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
    *Respondent.*

_____

FOR PETITIONERS:      Gary J. Yerman, Yerman & Associates, LLC, New York, New York.

FOR RESPONDENT:      Stuart F. Delery, Acting Assistant Attorney General; Blair T. O'Connor, Assistant Director; Remi Da Rocha-

**Afodu, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioners Xia Yan Lin and Mengzhu Huang, natives and citizens of China, seek review of a July 23, 2012, decision of the BIA granting Lin withholding of removal and affirming, in part, a September 13, 2010, decision of Immigration Judge ("IJ") Alan A. Vomacka, denying Lin's application for asylum. *In re Xia Yan Lin, Mengzhu Huang*, Nos. A087 464 816/817 (B.I.A. July 23, 2012), *aff'g* Nos. A087 464 816/817 (Immig. Ct. N.Y. City Sept. 10, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

I. Jurisdiction

As an initial matter, when the petition for review was filed, our jurisdiction to consider it was questionable because the BIA had remanded the matter to the IJ for the completion of required background investigations pursuant to 8 C.F.R. § 1003.47(h). *See Matter of M- D-*, 24 I. & N. Dec.

2

138, 141 (BIA 2007) (finding that when a case is remanded to the IJ for the completion of background checks pursuant to § 1003.47(h), the IJ has full jurisdiction over the case and "no final order exists"); *Matter of Alcantara-Perez*, 23 I. & N. Dec. 882, 883-85 (BIA 2006) (holding that "when a proceeding is remanded to the [IJ] for background checks," the IJ will enter an order and "[t]hat order then becomes the final administrative order in the case"); *see also Vakker v. Attorney General of U.S.*, 519 F.3d 143, 147 (3d Cir. 2008) (holding that when the BIA remands a case to the IJ for background checks, the IJ's decision following remand becomes the "final order" of removal).

However, it is not necessary to address whether the BIA's order in this case constituted a final order of removal because proceedings before the IJ have now completed. As no prejudice to the Government is apparent, we may consider the petition for review on the merits. *See Herrera-Molina v. Holder*, 597 F.3d 128, 132 (2d Cir. 2010) (holding that a premature petition for review from a non-final order of removal may be cured, and ripen into a valid petition for review, if a final order of removal has been entered by the time the petition is heard, and the respondent suffers no prejudice).

3

II. Merits

Under the circumstances of this case, we review the IJ's decision as modified by the BIA decision. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well-established. See 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Title 8, Section 1158(a)(3) of the United States Code provides that no court shall have jurisdiction to review the agency's finding that an asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B). Notwithstanding that provision, this Court retains jurisdiction to review constitutional claims and "questions of law." 8 U.S.C. § 1252(a)(2)(D). In order to determine whether jurisdiction exists in an individual case, the Court must "study the arguments asserted" in a petition for review to determine, "regardless of the rhetoric employed in the petition, whether it merely quarrels over the correctness of the factual findings or justification for the discretionary choices, in which case the court would lack jurisdiction, or whether it instead raises a 'constitutional claim' or 'question of law,'" in which case those particular issues

could be addressed. *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006).

Petitioners' argument that the IJ erred by requiring Lin to show that she filed the asylum application within one year of her arrival in the United States by only a preponderance of the evidence, rather than by clear and convincing evidence, fails to raise a colorable question of law. Not only does the IJ's decision clearly reflect that he applied the correct legal standard, but Petitioners are essentially alleging that the IJ erred by holding Lin to a *lower* burden of proof. *See Barco-Sandoval v. Gonzales*, 516 F.3d 35, 40 (2d Cir. 2008) ("[W]e lack jurisdiction to review any legal argument that is so insubstantial and frivolous as to be inadequate to invoke federal-question jurisdiction.").

Similarly, although Petitioners raise a question of law by arguing that the IJ ignored the entry date set forth in the Notice to Appear, both Notices to Appear state that Huang and Lin entered at an unknown date, and Petitioners' argument is apparently based on a handwritten notation, reflecting the date Lin claimed to have entered at a hearing. There is no support for their contention that this handwritten date establishes the date of entry.

Petitioners' challenges to the weight accorded to a photocopy of Lin's passport, and the IJ's reliance on her demeanor and an apparent inconsistency in her testimony, "dispute[] the correctness of the IJ's fact-finding" and his exercise of discretion, and do not raise a constitutional claim or question of law. *Xiao Ji Chen*, 471 F.3d at 329.

Finally, Petitioners' claims that Huang raised separate claims for relief, and that the REAL ID Act is inapplicable to the credibility of Lin's testimony regarding the timeliness of her asylum application, are unexhausted and we decline to consider them. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 107 n.1, 119-20 (2d Cir. 2007). Regardless, these claims too appear to be without merit, as both the IJ and BIA noted that Huang did not assert an independent claim, and Petitioners conceded the applicability of the REAL ID Act before the BIA.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with

6

Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk