**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BY THOR and BAO LO, | No. 08-73525 |
| Petitioners, | Agency Nos.    A070-455-056 |
| v. | A070-455-057 |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of Orders of the
Board of Immigration Appeals

Submitted April 22, 2015[**]

Before:     GOODWIN, BYBEE, and CHRISTEN, Circuit Judges.

By Thor and Bao Lo, natives and citizens of Laos, petition for review of the

Board of Immigration Appeals' ("BIA") orders dismissing their appeals from an

immigration judge's ("IJ") order of removal and denial of their request for further

hearings upon remand from the BIA.  Our jurisdiction is governed by 8 U.S.C.

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1252. We review de novo questions of law, for abuse of discretion the denial of a motion to reopen, and for substantial evidence the agency's factual findings. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005).

The agency used the correct standard and did not abuse its discretion in denying petitioners' request for further hearings to introduce additional documentation of hardship in support of their cancellation of removal application upon remand from the BIA, where the evidence proffered was cumulative, was not material, and was previously available. *See* 8 C.F.R. § 1003.23(b)(3); *Fernandes v. Holder*, 619 F.3d 1069, 1074 (9th Cir. 2010) ("An articulated purpose for the remand [from the BIA], without any express limit on scope, is not sufficient to limit the remand such that it forecloses consideration of other new claims or motions that the IJ deems appropriate or that are presented in accordance with relevant regulations."); *see also Matter of M-D-*, 24 I. & N. Dec. 138, 141-42 (BIA 2007) (an IJ has authority to consider additional evidence on remand "if it is material, was not previously available, and could not have been discovered or presented at the former hearing"). We lack jurisdiction to consider petitioners' unexhausted contention that this evidence would have bolstered their position that they had not firmly resettled in France. *See Tijani v. Holder*, 628 F.3d 1071, 1080

(9th Cir. 2010) ("We lack jurisdiction to review legal claims not presented in an alien's administrative proceedings before the BIA.").

Substantial evidence supports the agency's findings that petitioners are ineligible for asylum because they were firmly resettled in France before arriving in the United States and that petitioners failed to establish that one of the exceptions to firm resettlement applied to them. *See* 8 U.S.C. § 1158(b)(2)(A)(vi); 8 C.F.R. § 1208.15; *Vang v. INS*, 146 F.3d 1114, 1117 (9th Cir. 1998) (finding firm resettlement despite petitioners' claim that they would no longer be able to return to country of firm resettlement due to expiration of travel documents).

We deny petitioners' request for mediation.

Petitioners' remaining contentions are without merit.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**