**NOT FOR PUBLICATION**

**FILED**

MAY 26 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

|  |  |
|---|---|
| JIE LU, | No. 13-70577 |
| Petitioner, | Agency No. A096-072-543 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

Argued and Submitted May 12, 2016
San Francisco, California

Before: McKEOWN, SACK[**], and FRIEDLAND, Circuit Judges.

Jie Lu, a native and citizen of the People's Republic of China, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from the decision of the immigration judge (the "IJ") denying Lu's applications for asylum, withholding of removal, and protection under the Convention Against

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]  The Honorable Robert D. Sack, Senior Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

1

Torture ("CAT").[1]  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review the agency's legal conclusions *de novo* and its factual findings for substantial evidence.  *See Fernandes v. Holder*, 619 F.3d 1069, 1073 (9th Cir. 2010).  We dismiss the petition for review in part and deny it in part.

We lack jurisdiction over Lu's due process claims regarding the IJ's alleged bias, which Lu conceded at argument were unexhausted.  *See Barron v. Ashcroft*, 358 F.3d 674, 677 (9th Cir. 2004) ("[E]xhaustion of administrative remedies is a prerequisite to our jurisdiction.").  To the extent Lu asserts a First Amendment claim on the basis that the IJ made inappropriate comments about Lu's exercise of his religion, our review of that claim is similarly foreclosed for failure to exhaust.

Lu's contention that the IJ exceeded the scope of the BIA's prior remand order by rehearing the case is without merit.  Unless the BIA retains jurisdiction and expressly limits a remand to a specific purpose, an immigration judge may consider on remand "any and all matters which [he] deems appropriate."  *Matter of Patel*, 16 I. & N. Dec. 600, 600 (1978); *Fernandes*, 619 F.3d at 1074; *see also Matter of M-D-*, 24 I. & N. Dec. 138, 141 (2007).  Moreover, we are not persuaded that the IJ failed to consider the documents specified in the remand order because

---

[1] Because Lu did not raise the denial of his CAT claim to the BIA or on appeal to this Court, he has waived any challenge to the CAT determination.  *Fernandes v. Holder*, 619 F.3d 1069, 1070 n.1 (9th Cir. 2010).

2

the IJ accepted those documents into evidence during the hearing and listed them in his decision denying relief. The IJ was not required to include a separate analysis of each of those documents in his decision. *See, e.g.*, *Cole v. Holder*, 659 F.3d 762, 771 (9th Cir. 2011) ("That is not to say that the BIA must discuss each piece of evidence submitted.").

The BIA did not err in affirming the adverse credibility determination as to Lu's testimony. Lu offered no plausible explanation for the inconsistencies concerning the religious persecution he alleges he and his family suffered, which is the "heart" of his claim. *See Rizk v. Holder*, 629 F.3d 1083, 1087-88 (9th Cir. 2011) (quoting *Wang v. INS*, 352 F.3d 1250, 1259 (9th Cir. 2003)). Thus, the inconsistencies constitute substantial evidence in support of a finding that he was not credible.[2] *See id.* at 1088.

PETITION FOR REVIEW DISMISSED in part; DENIED in part.

---

[2] The substantial evidence standard applies because Lu filed his application before the May 11, 2005 effective date of the Real ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231 (2005). *Li v. Holder*, 629 F.3d 1154, 1157 (9th Cir. 2011).