**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 8 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BIJAN PRASAD; MANJULA DEVI PRASAD; AMIT AVINASH PRASAD; AVIKASH AVINASH PRASAD, | No. 08-72706 |
| | Agency Nos. A073-419-397 |
| Petitioners, | A073-419-398 |
| | A073-419-399 |
| v. | A073-419-400 |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 4, 2020**
Anchorage, Alaska

Before: CHRISTEN, WATFORD, and BADE, Circuit Judges.

Petitioner Bijan Prasad, his wife Manjula Prasad, and their two children,

who are natives and citizens of Fiji of Indian descent, petition for review of the

Board of Immigration Appeals' ("BIA's") denial of their motion to reopen

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

asserting changed country conditions based on a May 2000 military coup. We deny the petition for review.

Petitioners claim they were persecuted in Fiji because of their Indo-Fijian ethnicity. Petitioners asserted that on two separate occasions Manjula was assaulted by ethnic Fijians when she was working at the family-owned store. A group of landowners attacked Prasad and his brother at the brother's business when they refused to pay the landowners additional money for using their land. In addition, ethnic Fijians attacked and stole money from Bijan's and Manjula's children. And ethnic Fijians burned Petitioners' Hindu temple, destroyed their religious decorations, and vandalized their car. An immigration judge ("IJ") credited Bijan's and Manjula's testimony but denied their applications, reasoning that none of the incidents rose to the level of persecution based upon a protected ground. The BIA affirmed.

The BIA subsequently granted Petitioners' motion to reopen under the regulations implementing the Convention Against Torture ("CAT") and remanded to the IJ to provide Petitioners the opportunity to apply for protection under CAT. During the remanded proceeding, Petitioners requested to reopen to reapply for asylum and withholding based on a May 2000 "racial coup" led by George Speight. Petitioners did not file a written motion to reopen, but they submitted the Department of State's Country Report on Human Rights Practices-2000, and the

government submitted the 2002 report. The IJ denied the request to reopen as outside the scope of the remand. The IJ also noted that the leader of the 2000 coup and several of his followers had been arrested and sentenced. The BIA denied review, agreeing that the motion to reopen was beyond the scope of the remand and that Petitioners had not shown that the 2000 coup was materially related to their claim of future persecution. Petitioners petitioned this court for review.

While the petition for review was pending in this court, the BIA issued *Matter of M-D-*, holding that "when a case is remanded to an [IJ] for the appropriate background checks pursuant to 8 C.F.R. § 1003.47(h), the [IJ] reacquires jurisdiction over the proceedings." 24 I. & N. Dec. 138, 141 (B.I.A. 2007). On remand, the IJ may "consider new evidence if it would support a motion to reopen the proceedings." *Id.* at 142. We granted Respondent's motion to remand to the BIA to consider *Matter of M-D-*.

On remand, the BIA concluded that, under *Matter of M-D-*, the IJ erred in determining that the immigration court lacked jurisdiction over Petitioners' motion to reopen but the BIA did not remand to the IJ. Instead the BIA dismissed the appeal, noting that the IJ had considered the 2002 country report and properly denied the motion to reopen because Petitioners had cited no evidence in the materials before the IJ that was particular to their claim of persecution.

We conclude the BIA did not violate *Matter of M-D-* when it did not remand

3

to the IJ. Unlike that case, no applicable regulations here required the BIA to remand to the IJ to conduct further proceedings. *Id.* at 142 (finding remand necessary because the IJ had not entered a final order granting or denying withholding and the applicable regulations *required* the IJ to do so) (citing 8 C.F.R. § 1003.47(h)). Additionally, the BIA applied the proper legal standard to Petitioners' motion to reopen. *See* 8 C.F.R. § 1003.2(c)(3)(ii) (criteria for an untimely motion to reopen).

We also conclude that the BIA did not violate its own regulations, Petitioners' statutory rights, *see* 8 U.S.C. § 1229a(b)(4)(B), or constitutional due process rights when it did not remand to the IJ. On remand from this court, the BIA did not grant the motion to reopen and, thus, further proceedings were not necessary. 8 C.F.R. § 1003.2(i). Additionally, the BIA did not engage in fact finding and, thus, did not violate 8 C.F.R. § 1003.1(d)(3)(iv). Further, Petitioners were afforded a full and fair opportunity to present their case and evidence. *See Ibarra-Flores v. Gonzales*, 439 F.3d 614, 620-21 (9th Cir. 2006) ("The BIA's decision will be reversed on due process grounds if (1) the proceeding was 'so fundamentally unfair that the alien was prevented from reasonably presenting his case,' and (2) the alien demonstrates prejudice, 'which means that the outcome of the proceeding may have been affected by the alleged violation.'" (citation omitted) (quoting *Colmenar v. I.N.S.*, 210 F.3d 967, 971 (9th Cir. 2000))). The IJ

granted Petitioners ample time to file a written motion to reopen and they failed to do so. The agency considered the only evidence that Petitioners submitted to establish changed circumstances.

We also conclude the BIA did not abuse its discretion by denying the motion to reopen that was based on the 2000 coup. *See Feng Gui Lin v. Holder*, 588 F.3d 981, 984 (9th Cir. 2009). Although Fiji underwent a coup in 2000, we agree with the BIA that the Petitioners did not identify any evidence in the materials before the IJ indicating that Indo-Fijians had been persecuted on account of their ethnicity after the ouster of the leader of the coup. *See Najmabadi v. Holder*, 597 F.3d 983, 992 (9th Cir. 2010) (noting petitioner seeking to reopen based on changes in country conditions must "provide evidence linked to her particular circumstances").

**PETITION FOR REVIEW DENIED.**