# Matter of L-S-C-R-, Respondent

*Decided February 19, 2026*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1) A background check remand is limited to the Immigration Judge's consideration of the results of the background and security checks and the issuance of an order on the relief or protection that was the basis for the remand. *Matter of M-D-*, 24 I&N Dec. 138 (BIA 2007), clarified.

(2) If a respondent seeks to apply for a new or different form of relief, the respondent must file a separate motion to reopen, accompanied by the appropriate fee, with the Immigration Court after the Immigration Judge enters an order granting or denying the relief that was the subject of the background check remand.

FOR THE RESPONDENT:  Jacob D. Geller, Esquire, Boston, Massachusetts

BEFORE:  Board Panel:  MALPHRUS, Chief Appellate Immigration Judge; GOODWIN, Appellate Immigration Judge; GILLIES, Temporary Appellate Immigration Judge.

GOODWIN, Appellate Immigration Judge:

In a decision dated March 28, 2025, the Immigration Judge denied the respondent's application for asylum as untimely and granted the respondent's application for withholding of removal. *See* sections 208 and 241(b)(3) of the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1158, 1231(b)(3) (2024).  The respondent, a native and citizen of Nicaragua, appealed the decision denying his application for asylum.  The Department of Homeland Security ("DHS") has not appealed the grant of withholding of removal.  On July 8, 2025, the respondent filed a motion to withdraw his appeal.  We will grant the motion to withdraw the asylum appeal and will remand the record to the Immigration Judge for the necessary background and security checks.

A party taking an appeal may file a written withdrawal of the appeal with the Board.  8 C.F.R. § 1003.4 (2026).  Here, the respondent's withdrawal of his appeal of asylum leaves intact the Immigration Judge's grant of withholding of removal.  However, the Board is prohibited by regulation from issuing a decision affirming or granting withholding of removal without first ensuring that the appropriate identity, law enforcement, or security investigations or examinations have been completed or updated and are current.  *See* 8 C.F.R. §§ 1003.1(d)(6)(i), 1003.47(b)(7) (2026).

When it is necessary to complete or update this information prior to the issuance of the Board's decision, the regulation requires that the Board "provide notice to both parties that the case is being placed on hold until such time as all identity, law enforcement, or security investigations or examinations are completed or updated and the results have been reported to the Board." 8 C.F.R. § 1003.1(d)(6)(ii). Because the record of proceedings in this matter does not reflect that the required background and security checks are current, the Board issued a notice on July 29, 2025, informing the parties that this case was being placed on hold pursuant to 8 C.F.R. § 1003.1(d)(6)(ii) to allow DHS to report whether this matter complies with the background and security check requirements for granting withholding of removal.

Although the regulation provides that "DHS shall report to the Board promptly when the identity, law enforcement, or security investigations or examinations have been completed or updated," more than 180 days have elapsed since we issued the notice of the background check hold. 8 C.F.R. § 1003.1(d)(6)(iii). The regulation states that if DHS fails to report the background check results "within 180 days from the date of the Board's notice . . . the Board may continue to hold the case under paragraph (d)(6)(ii) of [8 C.F.R. § 1003.1], as needed, or remand the case to the immigration judge for further proceedings under § 1003.47(h)." *Id*. Because DHS has not reported the results to the Board in a timely manner, we will remand the record to the Immigration Judge. *See* 8 C.F.R. §§ 1003.1(d)(6)(iii), 1003.47(h).

On remand, the Immigration Judge "shall consider" the results of the background and security checks. 8 C.F.R. § 1003.47(h). "If new information is presented, the immigration judge may hold a further hearing if necessary to consider any legal or factual issues, including issues relating to credibility, if relevant" and "shall then enter an order granting or denying the immigration relief sought." *Id*. The regulations do not otherwise discuss the scope of an Immigration Judge's jurisdiction during a background check remand.

We previously considered the scope of an Immigration Judge's jurisdiction following a remand to the Immigration Judge to complete or update the background and security checks. *See Matter of M-D-*, 24 I&N Dec. 138, 141–42 (BIA 2007). In *Matter of M-D-*, 24 I&N Dec. at 141–42, the Board held that when a case is remanded to complete or update background checks, the Immigration Judge reacquires jurisdiction over the proceedings. *See also Matter of L-S-,* 25 I&N Dec. 705, 709 n.4 (BIA 2012) (noting that the Immigration Judge reacquires jurisdiction upon remand).

The Board specifically observed that "nothing in the background check regulations indicates that we retain jurisdiction when we remand pursuant to those regulations." *Matter of M-D-*, 24 I&N Dec. at 141. In *Matter of M-D-*, 24 I&N Dec. at 141, we concluded that after our background check remand, the Immigration Judge reacquired jurisdiction as it related to the respondent's eligibility for withholding of removal. However, we also stated that in the remanded proceedings, the Immigration Judge had the authority to consider new evidence of the respondent's eligibility for adjustment of status, a form of relief not previously sought, if such evidence met the standards for reopening of proceedings. *Id.* at 141–42.

We now modify our decision in *Matter of M-D-* and clarify that the scope of a background check remand is for the limited and narrow purpose of the Immigration Judge considering the reported results of DHS' background and security checks and entering a final order regarding the relief or protection that formed the basis for the remand. The regulation at 8 C.F.R. § 1003.47(h) expressly authorizes the Immigration Judge to conduct a hearing, if necessary, to consider any "new information" that could potentially affect a respondent's eligibility for the relief that formed the basis for the remand and instructs the Immigration Judge to then enter an order granting or denying the immigration relief sought. *See Matter of Alcantara-Perez*, 23 I&N Dec. 882, 884–85 (BIA 2006) (describing how Immigration Judges should proceed after a background check remand). However, it does not authorize the Immigration Judge to consider a respondent's application for a new or different form of relief or a respondent's request for consideration of other issues in the context of the background check remand.

Based on our reading of 8 C.F.R. § 1003.47(h) and in the interest of finality in proceedings, we conclude that a background check remand is limited to the Immigration Judge's consideration of the results of the background and security checks and the issuance of an order on the relief or protection that was the basis for the remand. *See* 8 C.F.R. § 1003.47(h). The issuance of the Immigration Judge's decision on the relief or protection that formed the basis for the remand will result in a final order, and removal proceedings will be complete. *See Matter of Alcantara-Perez*, 23 I&N Dec. at 883–85 (similarly interpreting 8 C.F.R. § 1003.47(h)). Thus, if a respondent seeks to apply for a new or different form of relief, the respondent must file a separate motion to reopen, accompanied by the appropriate fee, with the Immigration Court after the Immigration Judge enters an order granting or denying the relief that was the subject of the background check remand. *See* 8 C.F.R. § 1003.23(b)(3) (2026).

Because DHS has not reported the results of completed or updated identity, law enforcement, or security investigations or examinations to the Board in this case, we will remand the record to the Immigration Judge for the limited purpose of DHS reporting the results of the required background and security checks as they relate to the respondent's eligibility for withholding of removal and for the Immigration Judge to issue a final order either granting or denying withholding of removal consistent with the regulation at 8 C.F.R. § 1003.47(h). If the respondent seeks to file for another form of relief from removal or address an issue unrelated to the background check remand, the respondent may file a motion to reopen before the Immigration Judge and must meet the requirements for reopening.[1] *See* 8 C.F.R. § 1003.23(b)(3). This promotes finality in immigration proceedings and is consistent with the regulatory structure. *See generally Matter of B-N-K-*, 29 I&N Dec. 96, 99 (BIA 2025) (recognizing the "important public interest in the finality of immigration proceedings" (quoting *Matter of W-Y-U-*, 27 I&N Dec. 17, 19 (BIA 2017))).

**ORDER:** The respondent's appeal of the denial of his application for asylum is withdrawn.

**FURTHER ORDER:** Pursuant to 8 C.F.R. § 1003.1(d)(6), the record is remanded to the Immigration Judge for the purpose of allowing DHS the opportunity to complete or update identity, law enforcement, or security investigations or examinations, and further proceedings, if necessary, and for the entry of an order as provided in 8 C.F.R. § 1003.47(h).

**NOTICE:** If a respondent is subject to a final order of removal and willfully fails or refuses to depart from the United States pursuant to the order, to make timely application in good faith for travel or other documents necessary to depart the United States, or to present himself or herself at the time and place required for removal by DHS, or conspires to or takes any action designed to prevent or hamper the respondent's departure pursuant to the order of removal, the respondent shall be subject to a civil monetary penalty of up to $998 for each day the respondent is in violation. *See* INA § 274D, 8 U.S.C. § 1324d (2024); 8 C.F.R. § 280.53(b)(14) (2026). Further, any respondent that has been denied admission to, removed from, or has departed the United States while an order of exclusion, deportation, or removal is outstanding and thereafter enters, attempts to enter, or is at any

---

[1]  A party should not file a motion to reopen with the Board, as, upon remand, the Immigration Judge reacquires jurisdiction over the case. *See Matter of M-D-*, 24 I&N Dec. at 141.

time found in the United States shall be fined or imprisoned not more than 2 years, or both.  *See* INA § 276(a), 8 U.S.C. § 1326(a) (2024).