# Matter of A-C-M-, Respondent

*Decided June 17, 2026*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

　　When an alien is subject to an asylum cooperative agreement ("ACA") and the record is devoid of evidence showing the alien faces an individualized risk of harm in the ACA country of removal, it is generally unnecessary to hold an evidentiary hearing to resolve the applicability of the safe third country bar to asylum. *Matter of C-I-G M- & L-V-S-G-*, 29 I&N Dec. 291 (BIA 2025), followed.

FOR THE RESPONDENT: Pro se

FOR THE DEPARTMENT OF HOMELAND SECURITY: David Cantor, Assistant Chief Counsel

BEFORE: Board Panel: OWEN, GALLOW, and HANSELL, Appellate Immigration Judges.

OWEN, Appellate Immigration Judge:

　　The Department of Homeland Security ("DHS") has filed an interlocutory appeal from the Immigration Judge's August 26, 2025, decision denying its motion to pretermit the respondent's applications for asylum under section 208(b)(1)(A) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1158(b)(1)(A) (2018), withholding of removal under section 241(b)(3)(A) of the INA, 8 U.S.C. § 1231(b)(3)(A) (2018), and protection under the regulations implementing the Convention Against Torture ("CAT").[1] The respondent, who is represented by counsel before the Immigration Judge, has not filed a response to DHS' appeal. The appeal will be sustained, and the record will be remanded to the Immigration Court.

　　In its motion, DHS sought pretermission of the respondent's applications because she is subject to the safe third country bar to asylum under section 208(a)(2)(A) of the INA, 8 U.S.C. § 1158(b)(2)(A) (2018), as implemented by 8 C.F.R. § 1240.11(h) (2026). We recently discussed this bar to asylum eligibility and provided guidance on the proper application of the regulation

---

[1] The Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, Dec. 10, 1984, S. Treaty Doc. No. 100-20, 1465 U.N.T.S. 85 (entered into force for United States on Nov. 20, 1994). 8 C.F.R. §§ 1208.16(c), 1208.17 (2026); 8 C.F.R. § 1208.18(a) (2020).

in *Matter of C-I-G-M- & L-V-S-G-*, 29 I&N Dec. 291 (BIA 2025).  Although the Board does not ordinarily entertain interlocutory appeals, we deem it appropriate to do so here to correct the recurring misapplication of 8 C.F.R. § 1240.11(h) and *Matter of C-I-G-M- & L-V-S-G-* by Immigration Judges. *See Matter of M-D-*, 24 I&N Dec. 138, 139 (BIA 2007) (noting that it is appropriate to entertain an interlocutory appeal "to correct recurring problems in the handling of cases by Immigration Judges").  Whether the facts establish that the safe third country bar to asylum applies is a legal question we review de novo. *See* 8 C.F.R. § 1003.1(d)(3)(i) (2026); *Matter of C-I-G-M- & L-V-S-G-*, 29 I&N Dec. at 293.

## I.  FACTUAL AND PROCEDURAL HISTORY

The respondent is a native and citizen of Cuba who illegally entered the United States without inspection on August 8, 2021.  DHS served the respondent with a notice to appear the following day and commenced removal proceedings against her by filing the notice to appear with the Immigration Court.  The respondent filed an application for asylum, withholding, and CAT protection before the Immigration Judge on April 16, 2022.  DHS filed a motion to pretermit the respondent's application on August 7, 2025, arguing that she is ineligible to apply for asylum and related protection because she may be removed to Ecuador for consideration of those claims pursuant to an asylum cooperative agreement ("ACA") between the United States and Ecuador.[2]

The respondent filed a response in opposition to DHS' motion in which she argued that (1) DHS waived the pretermission issue; (2) DHS had not shown that Ecuador would accept her; (3) DHS had not shown that Ecuador would provide a full and fair procedure for adjudicating her protection claims; (4) there is generalized violence in Ecuador; (5) she arrived in the United States and applied for asylum before the ACA with Ecuador was signed; (6) it is in the public interest for her to be granted asylum in the United States; and (7) she has established a prima facie case for withholding of removal to Ecuador under the INA and CAT because "Ecuador is a Cuban sympathizing country that persecutes Cuban[] desertors [sic]."  Her opposition was accompanied by generalized country conditions evidence of

---

[2]   The United States and Ecuador entered into an ACA on July 23, 2025, which was published in the Federal Register on November 17, 2025. *See* Agreement Between the Government of the United States of America and the Government of the Republic of Ecuador Relating to the Transfer of Third-Country Nationals to Ecuador, 90 Fed. Reg. 51376 (Nov. 17, 2025); *see also Matter of C-I-G-M- & L-V-S-G-*, 29 I&N Dec. at 293–94 (discussing the application of ACAs in removal proceedings).

violence in Ecuador.  She did not present any evidence that she has ever been to Ecuador.

The Immigration Judge denied DHS' motion to pretermit without prejudice.  Purporting to rely on *Matter of C-I-G-M- & L-V-S-G-*, the Immigration Judge determined that she was "precluded" from pretermitting the respondent's asylum and protection applications without first conducting an evidentiary hearing "to resolve disputed facts."  The Immigration Judge further stated that conducting an evidentiary hearing in a master calendar setting would be inappropriate because she has limited time to do so on her master calendar docket.  The Immigration Judge set an individual hearing on the applicability of the ACA bar for March 19, 2030.

## II.  DISCUSSION

In *Matter of C-I-G-M- & L-V-S-G-*, we explained that when a respondent claims that the safe third country bar to asylum eligibility should not apply based on a claim of future persecution or torture in the ACA country of removal, an evidentiary hearing must be held *only* if "necessary to resolve disputed facts."  29 I&N Dec. at 296; *see also* 8 C.F.R. § 1240.11(h)(2)(iii) (providing that an alien otherwise subject to an ACA is eligible to apply for asylum in the United States if the alien demonstrates that it is more likely than not that he or she would be persecuted on account of a protected ground or tortured in the ACA country).  We further explained that when a respondent making such a claim "has no substantial connection to that country, an Immigration Judge should typically be able to resolve the applicability of the safe third country bar without conducting a full evidentiary hearing."  *Id.*  Expeditious consideration of the safe third country bar is necessary to promote the primary purpose of the ACA regulation, which is to establish "a threshold screening to determine whether an alien is barred from applying for asylum in the United States pursuant to an ACA."  *Id.*  (quoting Implementing Bilateral and Multilateral Asylum Cooperative Agreements Under the Immigration and Nationality Act, 84 Fed. Reg. 63994, 63998 (Nov. 19, 2019) (interim rule)).

The Immigration Judge erred in determining that it is necessary to conduct an evidentiary hearing to resolve disputed facts relevant to the safe third country bar in this case.  The respondent's waiver argument raises a legal question and there is no dispute regarding the facts underlying her waiver argument.  *See Biscayne Beach Club Condo. Ass'n, Inc. v. Westchester Surplus Lines Ins. Co.*, 111 F.4th 1182, 1185–86 (11th Cir. 2024) (explaining that waiver is a legal issue).  The Immigration Judge lacks jurisdiction to consider the respondent's arguments regarding Ecuador's

willingness to receive her, the availability of full and fair procedures in Ecuador, and any public interest in allowing her to seek asylum in the United States. *See Matter of C-I-G-M- & L-V-S-G-*, 29 I&N Dec. at 295 n.4, 298. And the fact that the ACA with Ecuador was implemented after the respondent entered the United States and applied for asylum here does not raise any retroactivity concerns. *Id.* at 298.

Furthermore, the "generalized evidence of country conditions in [Ecuador] submitted with [the respondent's] response to DHS' motion is clearly insufficient to satisfy the burden of proof" under 8 C.F.R. § 1240.11(h)(2)(iii) to show that it is more likely than not that she would be persecuted on account of a protected ground or tortured there. *Matter of C-I-G-M- & L-V-S-G-*, 29 I&N Dec. at 297. Her vague claim that "Ecuador is a Cuban sympathizing country that persecutes" Cuban deserters is not supported by any record evidence and is insufficient to create a genuine factual dispute.[3] *See Ellis v. England*, 432 F.3d 1321, 1326 (11th Cir. 2005) (per curiam) ("For factual issues to be considered genuine, they must have a real basis in the record. . . . For instance, mere conclusions and unsupported factual allegations are legally insufficient to [raise genuine issues of fact]." (citations omitted)).

When, as here, an alien is subject to an ACA and the record is devoid of evidence showing the alien faces an individualized risk of harm in the ACA country of removal, it is generally unnecessary to hold an evidentiary hearing to resolve the applicability of the safe third country bar to asylum. *See Matter of C-I-G-M- & L-V-S-G-*, 29 I&N Dec. at 296 ("Because a respondent will generally have no substantial connection to the relevant third country, evaluating a respondent's claim of future persecution or torture in the third country 'is more straightforward' than undertaking 'a complex assessment' of an asylum applicant's fear of persecution in his or her home country." (quoting 84 Fed Reg. at 64004)). Under such circumstances, if an Immigration Judge believes there is not enough time to resolve the ACA issue during an abbreviated hearing in a master calendar setting, the Immigration Judge should do so in a written order based on the documentary evidence and arguments presented by the parties.

---

[3] This claim seems dubious considering that Ecuador recently expelled Cuba's entire diplomatic mission. *See Cuba shuts its Quito embassy as Ecuador expels its diplomats*, Associated Press (Mar. 6, 2026), https://apnews.com/article/ecuador-cuba-embassy-noboa-diezcanel-d0bd76fa4679c657c8d9ea29e8118e9c. We may take administrative notice of current events. 8 C.F.R. § 1003.1(d)(3)(iv)(A)(1).

### III.  CONCLUSION

The Immigration Judge erred in determining it was necessary to hold an evidentiary hearing prior to determining whether the safe third country bar applies in this case because the record does not raise any genuine factual dispute that can only be resolved after taking testimony.  Moreover, even if a hearing were to be necessary to resolve some factual dispute, the Immigration Judge's setting of the case for a hearing on the motion to pretermit nearly 5 years later was unreasonable.  The ACA pretermission issue should be addressed before scheduling an individual hearing.  We will therefore sustain DHS' appeal and remand the record for the Immigration Judge to expeditiously determine whether the safe third country bar applies in this case.  The Immigration Judge may do so either by written order or during a promptly scheduled master calendar hearing after considering the evidence and arguments presented by the parties.

**ORDER:**  The appeal is sustained.

**FURTHER ORDER:**  The record is remanded to the Immigration Court for further proceedings consistent with the foregoing opinion and for the entry of a new decision.