# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-60085

United States Court of Appeals
Fifth Circuit

**FILED**

May 27, 2016

Lyle W. Cayce
Clerk

KATHERINE CHRISTEL PONCE-OSORIO,

Petitioner,

versus

JEH JOHNSON, Secretary, Department of Homeland Security,

Respondent.

Petition for Review of an Order of
the Department of Homeland Security

Before HIGGINBOTHAM, SMITH, and OWEN, Circuit Judges.

PER CURIAM:

Katherine Ponce-Osorio filed a petition challenging a decision of the Department of Homeland Security ("DHS") to reinstate an expedited order of removal. In response, the Secretary of DHS moved to dismiss for want of jurisdiction. Although Ponce-Osorio agrees we lack jurisdiction, she wisely protects her appellate rights by formally opposing the motion but seeking a declaration of this circuit's rule of finality as it pertains to this circumstance.

No. 16-60085

Agreeing with both sides, we dismiss the petition for review for want of jurisdiction.

I.

Ponce-Osorio is a native and citizen of El Salvador who was removed from the United States pursuant to a February 4, 2015, expedited order of removal. On March 16, 2015, she illegally reentered the United States. Three days later, DHS reinstated the order of removal, but, determining that she had a reasonable fear of persecution, referred the matter to an immigration judge ("IJ") for full consideration of the request for withholding of removal.

Before the IJ, Ponce-Osorio requested not only withholding of removal but also asylum. Although the IJ decided that she was ineligible for asylum, he granted a withholding of removal. Ponce-Osorio then appealed two issues to the Board of Immigration Appeals ("BIA"): (1) whether issuance of the underlying expedited order of removal was a gross miscarriage of justice because border officials had denied her right to an interview regarding credible fear and (2) whether the DHS regulation, limiting her to a withholding-of-removal proceeding before the IJ, conflicted with the asylum statute.

On January 29, 2016, the BIA dismissed the appeal. The BIA concluded that Ponce-Osorio's eligibility for asylum was foreclosed by *Ramirez-Mejia v. Lynch*, 794 F.3d 485 (5th Cir. 2015), and noted that it lacked jurisdiction to consider her collateral challenge to the underlying expedited order of removal. But observing that Ponce-Osorio appeared to be eligible for withholding of removal, the BIA remanded to the IJ "for the purpose of allowing [DHS] the opportunity to complete or update identity, law enforcement, or security investigations or examinations, and further proceedings, if necessary, for the entry of an order as provided by 8 C.F.R. § 1003.47(h)." Within thirty days of the BIA's decision, Ponce-Osorio filed a petition with this court to review DHS's

2

No. 16-60085

reinstatement of the expedited order of removal.

## II.

Section 242 of the Immigration and Nationality Act ("INA") confers jurisdiction on the courts of appeals to review final orders of removal. 8 U.S.C. § 1252(a)(1). An order of removal is an administrative order "concluding that the alien is deportable or ordering deportation." *Id.* § 1101(a)(47)(A).[1] Although that statutory definition does not encompass reinstatement orders, which "merely reinstate[] a previously issued order of removal or deportation," reinstatement orders nevertheless qualify as orders of removal under our caselaw and thus are subject to judicial review when they are also "final" orders. *Ojeda-Terrazas v. Ashcroft*, 290 F.3d 292, 295 (5th Cir. 2002).

Review of final reinstatement orders is extremely limited. We may review the lawfulness of a reinstatement order but, in general, not the merits of the underlying order of removal. *Id.* We may, however, entertain a "collateral attack on an underlying order of removal, including constitutional or legal questions . . . if the alien demonstrates that administrative remedies have been exhausted or the initial removal proceedings constituted a gross miscarriage of justice." *Martinez v. Johnson*, 740 F.3d 1040, 1042 (5th Cir. 2014).

The instant motion to dismiss brings to this circuit an issue of first impression: when a reinstatement order becomes final for purposes of judicial review. Under Section 242, an "order" becomes final "upon the earlier of—(i) a determination by the [BIA] affirming such order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the [BIA]." 8 U.S.C. § 1101(a)(47)(B). That statutory definition of finality,

---

[1] The INA uses the term "order of deportation," but its definition likewise applies to the post-REAL ID Act term "order of removal." *Abdisalan v. Holder*, 774 F.3d 517, 523 n.6 (9th Cir. 2014) (en banc).

3

No. 16-60085

however, provides little assistance, because DHS regulations confer no means to appeal the reinstatement of a removal order to the BIA. *See* 8 C.F.R. § 241.8.

We could decide that a reinstatement order becomes final upon completion of the procedures necessary to reinstate a removal order. An alien who illegally reenters the United States after having been removed or having voluntarily departed while under a removal order shall be removed by reinstating the removal order. *Id.* § 241.8(a). To reinstate that order, the immigration officer must determine (1) whether the alien has been subject to a prior order of removal; (2) the identity of the alien; and (3) whether the alien reentered the United States illegally. *Id.* If the officer determines that those requirements are met, the alien must be provided with a written notice of the determination, *id.* § 241.8(b), and then removed under the prior order of removal, *id.* § 241.8(c). The alien has no right to a hearing before an IJ. *Id.* § 241.8(a).

Holding that finality turns solely on completion of the procedures necessary to reinstate a removal order would completely preclude judicial review for Ponce-Osorio, because she failed to file her petition for review within thirty days of March 19, 2015.[2] It would also undermine judicial efficiency by possibly requiring several separate petitions for review rather than a single consolidated petition. For those reasons, among others, we conclude that an order of reinstatement is not always final upon completion of the procedures in 8 C.F.R. § 241.8(a), (b), and (c).

Though an alien who meets the requirements for reinstatement of a removal order "shall be removed" under the reinstated order, *id.* § 241.8(c), there is an exception for an alien who "expresses a fear of returning to the

---

[2] *See Navarro-Miranda v. Ashcroft*, 330 F.3d 672, 676 (5th Cir. 2003) (holding that thirty-day deadline for filing a petition for review is jurisdictional).

country designated in the order," *id.* § 241.8(e). Such an alien will be referred to an asylum officer, who must "determine whether the alien has a reasonable fear of persecution or torture." *Id.* If the officer finds reasonable fear, the case is referred to an IJ "for full consideration of the request for withholding of removal only." *Id.* § 208.31(e).

If the asylum officer decides that the alien does not have a reasonable fear, the alien may appeal to an IJ. *Id.* § 208.31(g). If the IJ agrees with the finding of no reasonable fear, the case is returned to DHS for removal. *Id.* § 208.31(g)(1). But if the IJ disagrees with that finding and decides that there is reasonable fear, the alien can file an "Application for Asylum and Withholding of Removal." *Id.* § 208.31(g)(2). The IJ can consider only the application for withholding of removal. *Id.* § 208.31(g)(2)(i). Either party may appeal the IJ's decision to the BIA. *Id.* § 208.31(g)(2)(ii).

The Tenth Circuit has provided a compelling analysis of why reinstatement orders should be regarded as final only upon completion of reasonable-fear and withholding-of-removal proceedings:

> The term "final" in its usual legal sense means "ending a court action or proceeding leaving nothing further to be determined by the court or to be done except the administrative execution of the court's finding, but not precluding an appeal." *Webster's Third New Int'l Dictionary* 851 (1993) . . . . With regard to agency action generally, the Supreme Court has said that to be final, agency action must "mark the consummation of the agency's decisionmaking process," and it must determine "rights or obligations" or occasion "legal consequences." *Bennett v. Spear*, 520 U.S. 154, 178 . . . (1997) (internal quotations omitted) (considering finality under the Administrative Procedures Act) . . . .
>
> When an alien pursues reasonable fear [and withholding of removal] proceedings, the reinstated removal order is not final in the usual legal sense because it cannot be executed until further agency proceedings are complete. And, although the reinstated removal order itself is not subject to further agency review, an IJ's decision on an application for relief from that order is appealable to the BIA. Thus,

the rights, obligations, and legal consequences of the reinstated removal order are not fully determined until the reasonable fear and withholding of removal proceedings are complete.

*Luna-Garcia v. Holder*, 777 F.3d 1182, 1185 (10th Cir. 2015).[3]

We agree with the Tenth Circuit's analysis and conclude that it applies even where, as here, withholding-of-removal proceedings remain ongoing only because the BIA has remanded to the IJ for background and security checks. Since April 1, 2005, DHS regulations have required such checks when the granting of any form of relief in immigration proceedings would permit an alien to reside in the United States.[4] If the appropriate background and security checks have not been conducted or are no longer current, the BIA is prohibited from issuing a decision affirming or granting any form of relief or protection from removal. 8 C.F.R. § 1003.1(d)(6)(i).

In such cases, the BIA "may issue an order remanding the case to the [IJ] with instructions to allow DHS to complete or update the appropriate identity, law enforcement, or security investigations or examinations . . . ." *Id.* § 1003.1(d)(6)(ii)(A). On remand, the IJ reacquires jurisdiction over the entire proceedings[5] but may not reconsider issues that were previously considered and decided by the BIA.[6] Before the IJ may enter an order, the IJ must

---

[3] The Ninth Circuit likewise has held—but for different reasons—that a reinstatement order is not final until after completion of reasonable-fear and withholding-of-removal proceedings. According to that court, treating a reinstated removal order as final, despite ongoing reasonable-fear or withholding-of-removal proceedings, would make it impossible for an alien to petition timely for review of any "yet-to-be-issued" decisions by the IJ denying relief or finding that the alien lacks a reasonable fear of persecution. *Ortiz-Alfaro v. Holder*, 694 F.3d 955, 958 (9th Cir. 2012).

[4] Background and Security Investigations in Proceedings Before Immigration Judges and the Board of Immigration Appeals, 70 Fed. Reg. 4743, 4753 (Jan. 31, 2005) (codified at 8 C.F.R. §§ 1003.47(a), (b)).

[5] *Matter of M-D-*, 24 I. & N. Dec. 138, 141 (BIA 2007).

[6] *Id.*; *Matter of Alcantara-Perez*, 23 I. & N. Dec. 882, 884 (BIA 2006).

consider any new evidence revealed by the background and security checks and potentially affecting relief.[7] The IJ may also "consider additional evidence if it is material, was not previously available, and could not have been discovered or presented at the former hearing."[8]

In *Abdisalan*, the Ninth Circuit adopted the bright-line rule that "when the [BIA] issues a decision that denies some claims but remands any other claims for reliefs to an [IJ] . . . for further proceedings . . . , the BIA decision is not a final order of removal with regard to any of the claims . . . ." *Abdisalan*, 774 F.3d at 520 (internal footnote omitted). The court noted that a "straight-forward" reading of 8 U.S.C. § 1101(a)(47)(B)'s definition of finality "indicates that an order of removal cannot become final for any purpose when it depends on the resolution of further issues by the IJ on remand." *Id.* at 523. The INA refers repeatedly to "the" order in the singular, "suggest[ing] that Congress contemplated that an alien's removal proceedings would typically culminate in one final order of removal." But "[i]f there is only one final order of removal—as is true in the absence of a motion to reopen or reconsider—it is difficult to conceive how the order could become final at multiple points in time." *Id.* at 524. The court also noted that considerations of judicial efficiency weigh in favor of its holding. *Id.* at 526.

Decisions of both the BIA and the Eighth Circuit support the Ninth Circuit's bright-line rule.[9] But that rule conflicts with decisions of the Third and Seventh Circuits. In *Yusupov v. Attorney General*, 518 F.3d 185, 196 & n.19 (3d Cir. 2008), the Third Circuit articulated a case-by-case test for jurisdiction,

---

[7] *Matter of M-D-*, 24 I. & N. Dec. at 141.

[8] *Id.*

[9] *Goromou v. Holder*, 721 F.3d 569, 576 n.6 (8th Cir. 2013); *Matter of M-D-*, 24 I. & N. Dec. 138; *Matter of Alcantara-Perez*, 23 I. & N. Dec. 882.

holding that it has jurisdiction only where the BIA's remand to the IJ for background and security checks cannot affect the outcome of the removal proceedings. In *Viracacha v. Mukasey*, 518 F.3d 511 (7th Cir. 2008), the Seventh Circuit exercised jurisdiction over a petition to review a BIA decision remanding for background and security checks. The IJ had denied the applications for asylum but granted withholding of removal. On appeal, the BIA endorsed the IJ's decision but remanded for background and security checks to ensure eligibility for withholding of removal. The Seventh Circuit held that it had jurisdiction to hear the petitioners' appeal of the BIA's denial of their applications for asylum because the government's position—that the BIA's order was non-final—"leaves the aliens trapped:  They can't seek judicial review of the asylum question because the [BIA's] order is non-final, and they can't seek review of the IJ's decision because it is favorable." *Id.* at 513.

We agree with *Abdisalan* and adopt its bright-line rule that, when the BIA decides some issues but remands for background and security checks as to others, its decision is not final for purposes of judicial review. The Seventh Circuit's concern in *Viracacha* is misplaced, because, at least in our circuit, a petitioner will be able to appeal a non-remanded issue once the IJ on remand has entered a final order of removal.

It follows that here, the removal proceedings are ongoing because the BIA remanded to the IJ for background and security checks. The reinstatement order is thus non-final, and we lack jurisdiction over Ponce-Osorio's petition for review. The Secretary's motion is GRANTED, and the petition for review is DISMISSED for want of jurisdiction.