# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-60218
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 1, 2018

Lyle W. Cayce
Clerk

EDGAR GARCIA-DIAZ,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A200 224 381

Before KING, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Edgar Garcia-Diaz, a native and citizen of Mexico, seeks review of the decision of the Board of Immigration Appeals ("BIA") affirming the order of the immigration judge ("IJ") denying his motion to reopen removal proceedings. Garcia first petitioned for review in this court in 2016 after the BIA affirmed the IJ's denial of adjustment of status but remanded for consideration of his request for voluntary departure. We dismissed that appeal for lack of subject-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

matter jurisdiction, on the ground that there was no reviewable final order of removal in light of the BIA's remand.  Garcia then appeared before the IJ to withdraw his request for voluntary departure, resulting in a final order of removal.  However, rather than petitioning for review of that final order, Garcia filed a motion in this court to set aside the order dismissing his premature petition for review.  We denied that motion.

Several months later, Garcia filed a motion before the IJ to reopen his removal proceedings, arguing that our intervening decision in *Holguin-Mendoza v. Lynch*, 835 F.3d 508 (5th Cir. 2016), suggested that we should not have dismissed his petition or denied his motion to set aside that dismissal. The IJ denied that motion, reasoning that Garcia failed to present "new material facts or evidence that was previously unavailable, as required by statute and regulation.  *See* 8 U.S.C. § 1229a(c)(7)(B); 8 C.F.R. § 1003.23(b)(3). The IJ also declined to reopen the case *sua sponte*.  The BIA affirmed, and Garcia timely petitioned for review.[1]

We review the denial of a motion to reopen under a "highly deferential abuse-of-discretion standard."  *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009).  The agency decision will stand "so long as it is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach."  *Zhao v. Gonzales*, 404 F.3d 295, 304 (5th Cir. 2005) (quoting *Pritchett v. I.N.S.*, 993 F.2d 80, 83 (5th Cir. 1993)).  Although the BIA did not expressly adopt the IJ's decision in this matter, it favorably cited the IJ's reasoning and added minimal additional reasoning; thus, we review both decisions.  *See Zhu v. Gonzales*, 493 F.3d 588, 594 (5th Cir. 2007).

---

[1] Garcia seeks review of only the denial of his motion to reopen.  As to the decision to not reopen *sua sponte*, we lack jurisdiction to review that purely discretionary decision.  *See Enriquez-Alvarado v. Ashcroft*, 371 F.3d 246, 249–50 (5th Cir. 2004).

No. 17-60218

"A motion to reopen is a form of procedural relief that 'asks the Board to change its decision in light of newly discovered evidence or a change in circumstances since the hearing.'" *Lugo-Resendez v. Lynch*, 831 F.3d 337, 339 (5th Cir. 2016) (alteration and quotation marks omitted) (quoting *Dada v. Mukasey*, 554 U.S. 1, 12 (2008)).  Here, Garcia failed to show that our decision in *Holguin-Mendoza* has any impact on the agency's decision regarding his removal.  In *Holguin-Mendoza*, we held that "a BIA decision which resolves the merits of an appeal but remands for further proceedings as to voluntary departure is a final order of removal for purposes of judicial review."  835 F.3d at 509.  *Holguin-Mendoza* is relevant to *our* jurisdiction over petitions for review, not to the *Board's* decision regarding removability.  Accordingly, the BIA did not abuse its discretion in concluding that *Holguin-Mendoza* "is not new evidence relating to [Garcia's] removal proceedings, as is required for a motion to reopen under 8 C.F.R. § 1003.23(b)(3)."  Furthermore, contrary to Garcia's argument, the BIA's decision does not deprive him of procedural due process by precluding any opportunity for review of his order of removal.  He could have petitioned for review after he withdrew his request for voluntary departure and the IJ entered a final order of removal.  *See Ponce-Osorio v. Johnson*, 824 F.3d 502, 507 (5th Cir. 2016) ("[A] petitioner will be able to appeal a non-remanded issue once the IJ on remand has entered a final order of removal.").

To the extent Garcia contends that the IJ's recitation of the procedural history of this matter reflects an improper focus, he himself offered the procedural posture of his case as relevant to why his motion to reopen should succeed.  He explicitly sought to reopen so that he could again petition for review following our dismissal of his earlier, premature petition.  The IJ did not attach weight to an improper consideration.

No. 17-60218

The record supports the BIA's and the IJ's determination that Garcia-Diaz did not present new, material evidence or circumstances, and thus, the agency acted within its discretion in denying reopening. *See Zhao*, 404 F.3d at 304. The petition for review is DENIED.