# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 10, 2023

Lyle W. Cayce
Clerk

_____

No. 22-60307

_____

Samuel De Jesus Argueta-Hernandez,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

_____

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A094 753 033

_____

Before Higginbotham, Graves, and Douglas, *Circuit Judges*.

Per Curiam:

When does an order of removal become 'final'?  The answer matters because Samuel De Jesus Argueta-Hernandez asks us to review the BIA's order denying his application for withholding of removal and protection under the Convention Against Torture ("CAT").  Congress has, however, limited our jurisdiction to final orders "concluding that the alien is deportable or ordering deportation."  *Nasrallah v. Barr*, 140 S. Ct. 1683, 1691 (2020) (citation omitted).  And it imposed another condition: the petition must be filed within 30 days of that order.  Since Argueta-Hernandez's

No. 22-60307

petition does not meet these requirements, we DISMISS it for lack of jurisdiction.

## I.

Argueta-Hernandez is a native of El Salvador. He first entered the United States around 2003 and was ordered removed in 2007. He then returned three more times—in 2010, 2018, and 2019. This appeal concerns his 2019 visit.

In September 2019, the federal government reinstated Argueta-Hernandez's 2007 removal order.[1] This time, Argueta-Hernandez expressed fear of going back to El Salvador. He claimed he was running from MS-13, a notorious El Salvadorian gang. The gang asked him to store and transport contraband, and pay a quota. They did so, allegedly, because Argueta-Hernandez was a Christian and could travel without arousing suspicion. When he refused, gang members threatened to kill him and his family. Local authorities did little to help.

Argueta-Hernandez sought withholding of removal and CAT relief. An immigration judge denied his application and, on April 27, 2022, the BIA dismissed his appeal. Argueta-Hernandez petitioned for review on May 26, 2022.

---

[1] Illegal reentrants undergo an expedited removal process. *See* 8 U.S.C. § 1231(a)(5). In sum, "the agency obtains the alien's prior order of removal, confirms the alien's identity, determines whether the alien's reentry was unauthorized, provides the alien with written notice of its determination, allows the alien to contest that determination, and then reinstates the order." *Johnson v. Guzman Chavez*, 141 S. Ct. 2271, 2272 (2021) (citing 8 C.F.R. §§ 241.8(a)–(c), 1241.8(a)–(c)).

## II.

Jurisdiction to review removal decisions is a creature of statute. Congress has limited that jurisdiction in several ways. We may review "final order[s] of removal." 8 U.S.C. § 1252(a)(1). We may also review "all questions of law and fact . . . arising from any action taken or proceeding brought to remove an alien" but only if there is a final order of removal. § 1252(b)(9). Either way, the noncitizen must seek review "no[] later than 30 days after" the order becomes final. § 1252(b)(1). This deadline is "mandatory and jurisdictional." *Stone v. INS*, 514 U.S. 386, 405 (1995) (citation omitted). It cannot be equitably tolled. *Id.*

Argueta-Hernandez petitioned for review within 30 days after the BIA denied his application for withholding of removal and CAT relief. So his petition presents two questions: are those denials "final order[s] of removal"? § 1252(a)(1). If not, is there an eligible order from which we have jurisdiction? *See* § 1252(b)(9).

The first issue is simple: the denials are not orders of removal. A removal order is one that "conclud[es] that the alien is deportable or order[s] deportation." § 1101(a)(47)(A). The Supreme Court recently held that orders denying CAT relief or withholding of removal are not orders of removal. *See Nasrallah*, 140 S. Ct. at 1691 (quoting § 1101(a)(47)(A)); *Johnson*, 141 S. Ct. at 2285. Instead, those orders address the "separate [] and antecedent" issue of "*where* an alien may be removed," not "*whether* an alien" is removable. *Johnson*, 141 S. Ct. at 2286, 2288. That determination neither "disturb[s] the final order of removal," nor "affect[s] [its] validity." *Johnson*, 141 S. Ct. at 2288 (quoting *Nasrallah*, 140 S. Ct. at 1691). The removal order "remains in full force" and the agency "retains the authority to remove the alien to any other country authorized by the statute." *Id.* at 2285.

That leaves the second issue. Since the BIA's denial is not an order of removal, Argueta-Hernandez must point to another eligible order for us to have jurisdiction. *See* § 1252(b)(9); *Nasrallah*, 140 S. Ct. at 1691. He claims the 2019 reinstatement order is up to the task. But we do not agree.

To explain, we must first clarify our precedent. We previously held that a reinstatement order is an order of removal. *Ojeda-Terrazas v. Ashcroft*, 290 F.3d 292, 295 (5th Cir. 2002) (citing § 1101(a)(47)(A)). In *Ponce-Osorio v. Johnson*, we also held that a reinstatement order does not become "final" until all reasonable-fear and withholding-of-removal proceedings have ended. 824 F.3d 502, 504–05 (5th Cir. 2016). We did so because, under Section 1101(a)(47)(B), an order of removal becomes "final" when the BIA affirms it or the time to appeal expires, whichever is earlier. This definition, however, provides "little assistance" for reinstatement orders "because [agency] regulations confer no means to appeal the reinstatement of a removal order to the BIA." *Id.* at 504; *see* 8 C.F.R. § 241.8. Citing out-of-circuit authority, we thus interpreted 'finality' to mean the "ending [of] a court action or proceeding leaving nothing further to be determined by the court or to be done except the administrative execution of the court's finding, but not precluding an appeal." *Id.* (quoting *Luna-Garcia v. Holder*, 777 F.3d 1182, 1185 (10th Cir. 2015)). And because a reinstatement order "cannot be executed" until the conclusion of withholding-only proceedings, we held that a reinstatement order is not final until those proceedings have ended. *Id.* at 505.

Under this broad definition of Section 1101(a)(47)(B), we would have jurisdiction over Argueta-Hernandez's petition. The BIA's reinstatement order is an order of removal. And it became final when the BIA denied his application for CAT relief and withholding of removal. *See id.* at 505. Argueta-Hernandez timely appealed that order within 30 days. *See* § 1252(b)(1).

Yet recent Supreme Court cases have "implicitly overruled" the reasoning in *Ponce-Osorio*. *In re Bonvillian Marine Serv.*, 19 F.4th 787, 792 (5th Cir. 2021) (citation omitted). Our rule of orderliness thus "obligat[es] [us] to declare and implement this change in the law." *United States v. Tanksley*, 848 F.3d 347, 350 (5th Cir. 2017).

To begin with, *Nasrallah* and *Johnson* have "fundamentally change[d] the focus" of our understanding of finality under § 1101(a)(47)(B). *Acosta v. Hensel Phelps Constr. Co.*, 909 F.3d 723, 742 (5th Cir. 2018) (citation omitted). *Nasrallah* explained that "[f]or purposes of [§ 1101(a)(47)], final orders of removal encompass only the rulings made by the [BIA] that *affect the validity of the final order of removal*." 140 S. Ct. at 1691 (emphasis added). *Johnson* confirmed that understanding. 141 S. Ct. at 2288 ("Because the validity of removal orders is not affected by the grant of withholding-only relief, [the] initiation of [such] proceedings does not render non-final an otherwise 'administratively final' reinstated order of removal.").

*Ponce-Osorio*'s sweeping definition of finality is also "unequivocally inconsistent" with *Nasrallah* and *Johnson*. *Miller v. Dunn*, 35 F.4th 1007, 1012 (5th Cir. 2022). Both cases make clear that "the finality of the order of removal does not depend in any way on the outcome of [] withholding-only proceedings." *Johnson*, 141 S. Ct. at 2287; *see Nasrallah*, 140 S. Ct. at 1691 ("[A] ruling on a CAT claim . . . does not merge into the final order of removal" for purpose of judicial review). That is because the removal order concerns "*whether* an alien is to be removed," not *where*. *Johnson*, 141 S. Ct. at 2285–86; *see* § 1101(a)(47)(A). And that determination becomes final the moment the prior order is reinstated.

To be sure, neither *Nasrallah* nor *Johnson* addressed jurisdiction under Section 1252. They did, however, define finality by reference to Section 1101(a)(47). *See Nasrallah*, 140 S. Ct. at 1691; *Johnson*, 141 S. Ct. at

2288 (applying *Nasrallah*'s interpretation of finality). That provision defines finality in Section 1252. *See Ponce-Osorio*, 824 F.3d at 504. Their reasoning thus applies here too. *Cf. Gahagan v. USCIS*, 911 F.3d 298, 303 (5th Cir. 2018).

It comes as no surprise then, that just last year, a panel of this court questioned the continued vitality of *Ponce-Osorio*. *See Ruiz-Perez v. Garland*, 49 F.4th 972, 975–76 (5th Cir. 2022). Likewise, two circuits have recently held that withholding-only proceedings do not impact the finality of an order of removal. *See Bhaktibhai-Patel v. Garland*, 32 F.4th 180, 190–95 (2d Cir. 2022); *Farooq v. AG U.S.*, No. 20-2950, 2023 U.S. App. LEXIS 3065, at *7 (3d Cir. Feb. 8, 2023); *but see Salinas-Montenegro v. Garland*, No. 21-3, 2023 U.S. App. LEXIS 11100, at *1 n.1 (9th Cir May 4, 2023) (reaching the opposite conclusion without explanation). Bound by *Nasrallah* and *Johnson*, we must do the same.

## III.

The BIA's denial of Argueta-Hernandez's application for withholding of removal and CAT relief is not a final order of removal. And his petition is untimely because it was filed over 30 days after his reinstatement order became final. We thus DISMISS this petition for lack of jurisdiction.