# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
December 8, 2023

Lyle W. Cayce
Clerk

No. 22-60289

Miguel Angel Quintanilla-Benitez,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Appeal from the Board of Immigration Appeals
Agency No. A078 550 299

Before Jolly, Engelhardt, and Oldham, *Circuit Judges*.

Per Curiam:*

In 2000, the Department of Homeland Security ordered Miguel Angel Quintanilla-Benitez removed to El Salvador. Quintanilla-Benitez reentered the United States illegally, and an immigration officer reinstated his 2000 removal order on October 13, 2020. After the reinstatement order, Quintanilla-Benitez applied for withholding of removal and protection under the Convention Against Torture ("CAT"). An immigration judge denied his

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-60289

application, and the Board of Immigration Appeals dismissed his appeal. Quintanilla-Benitez then filed a petition for review in this court.

Our jurisdiction to review removal decisions is limited to "final order[s] of removal." 8 U.S.C. § 1252(a)(1); *see id.* § 1252(b)(9). The Supreme Court has held orders denying withholding of removal and CAT relief are not final removal orders. *See Nasrallah v. Barr*, 140 S. Ct. 1683, 1691 (2020); *Johnson v. Guzman Chavez*, 141 S. Ct. 2271, 2288 (2021); *see also Argueta-Hernandez v. Garland*, 73 F.4th 300, 302 (5th Cir. 2023). Thus, the only proper subject of our review is DHS's 2020 reinstatement order.

The reinstatement order became final on the day it issued—October 13, 2020—notwithstanding Quintanilla-Benitez's application for withholding-only and CAT relief. *See Argueta-Hernandez*, 73 F.4th at 303 (noting a reinstatement order is final the moment it issues); *id.* ("[W]ithholding-only proceedings do not impact the finality of an order of removal."). Quintanilla-Benitez did not file his petition for review until May 13, 2022, well past the 30-day jurisdictional deadline in § 1252. *See* 8 U.S.C. § 1252(b)(1) ("The petition for review must be filed not later than 30 days after the date of the final order of removal."); *see also Argueta-Hernandez*, 73 F.4th at 302 (explaining the § 1252(b)(1) deadline is "mandatory and jurisdictional"). Accordingly, we lack jurisdiction to review Quintanilla-Benitez's petition.

\*     \*     \*

For the foregoing reasons, the petition is DISMISSED for lack of jurisdiction.